## Case No. 14-40003

# IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

MARC VEASEY; JANE HAMILTON; SERGIO DELEON; FLOYD CARRIER; ANNA BURNS; MICHAEL MONTEZ; PENNY POPE; OSCAR ORTIZ; KOBY OZIAS; LEAGUE OF UNITED LATIN AMERICAN CITIZENS; JOHN MELLOR-CRUMLEY; DALLAS COUNTY, TEXAS,

*Plaintiffs – Appellees,*

v.

RICK PERRY, IN HIS OFFICIAL CAPACITY AS GOVERNOR OF TEXAS; ET AL,

*Defendants,*

───────────────────────

UNITED STATES OF AMERICA,

*Plaintiff – Appellee,*

TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND; IMANI CLARK; TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS; AURICA WASHINGTON; CRYSTAL OWENS; MICHELLE BESSIAKE; MARIA LONGORIA BENAVIDES,

*Intervenor Plaintiffs – Appellees,*

v.

STATE OF TEXAS; ET AL,

*Defendants,*

TRUE THE VOTE,

*Movant – Appellant.*

───────────────────────

On Appeal from the U.S. District Court for the Southern District of Texas, Corpus Christi Division — USDC No. 2:13-cv-00263 cons w/ USDC No. 2:13-cv 00193

───────────────────────

## MOVANT-APPELLANT'S MOTION TO EXPEDITE APPEAL OR ALTERNATIVELY TO STAY PROCEEDINGS IN THE DISTRICT COURT DURING THE PENDENCY OF THIS APPEAL

───────────────────────

Joseph M. Nixon
N. Terry Adams, Jr.
Kelly H. Leonard
BEIRNE, MAYNARD & PARSONS, LLP
1300 Post Oak Blvd, Suite 2500
Houston, Texas 77056
(713) 623-0887  Tel.
(713) 960-1527  Fax

James E. "Trey" Trainor, III
BEIRNE, MAYNARD & PARSONS, LLP
401 W. 15th Street, Suite 845
Austin, Texas 78701
(512) 623-6700  Tel.
(512) 623-6701  Fax

**Counsel for Movant-Appellant**

## CERTIFICATE OF INTERESTED PERSONS

In accordance with Fifth Circuit Rule 27.4, the undersigned counsel certifies that the following persons and entities have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

1. True the Vote, a registered 501(c)(3) corporation with no parent corporation or publically held corporation owning more than 10% of stock, *Movant-Appellant*;

2. Joseph M. Nixon, N. Terry Adams, Jr., James Edwin Trainor, III ("Trey"), Kelly Hunsaker Leonard, and Beirne, Maynard & Parsons, LLP, *counsel for Movant-Appellant True the Vote*;

3. United States of America, *Plaintiff-Appellee*;

4. Erin Helene Flynn, Anna Baldwin, Diana Katherine Flynn, and United States Department of Justice, *counsel for Plaintiff-Appellee United States of America*;

5. John Albert Smith, III and United States Attorney's Office, Southern District of Texas*, counsel for Plaintiff-Appellee United States of America*;

6. Marc Veasey; Jane Hamilton; Sergio DeLeon; Floyd Carrier; Anna Burns; Michael Montez; Penny Pope; Oscar Ortiz; Koby Ozias; League of United Latin American Citizens; John Mellor-Crumley; Dallas County, Texas, *Plaintiffs-Appellees*;

7. Chad Wilson Dunn and Brazil & Dunn, *counsel for Plaintiff-Appellees Marc Veasey; Jane Hamilton; Sergio DeLeon; Floyd Carrier; Anna Burns; Michael Montez; Penny Pope; Oscar Ortiz; Koby Ozias; League of United Latin American Citizens; John Mellor-Crumley; Dallas County, Texas*;

8. Imani Clark, *Intervenor Plaintiff-Appellee*;

9. Ryan Paul Haygood, Leah Camille Aden, Natasha M. Korgaonkar, Christina Swarns, and NAACP Legal Defense & Education Fund, Inc., *counsel for Intervenor Plaintiff-Appellee Imani Clark*;

10. Texas Association of Hispanic County Judges and County Commissioners; Maria Longoria Benavides, *Intervenor Plaintiff-Appellees*;

11. Rolando Leo Rios, I, *counsel for Intervenor Plaintiff-Appellees Texas Association of Hispanic County Judges and County Commissioners; Maria Longoria Benavides*;

12. Texas League of Young Voters Education Fund, *Intervenor Plaintiff-Appellee*;

13. Ryan Paul Haygood, Leah Camille Aden, Natasha M. Korgaonkar, Christina Swarns, and NAACP Legal Defense & Education Fund, Inc., *counsel for Intervenor Plaintiff-Appellee Texas League of Young Voters Education Fund*;

14. Gerard J. Sinzdak and Wilmer, Cutler, Pickering, Hale & Dorr, L.L.P., *counsel for Intervenor Plaintiff-Appellee Texas League of Young Voters Education Fund*;

15. Aurica Washington; Crystal Owens; Michelle Bessiake, *Intervenor Plaintiff-Appellees*;

16. Ryan Paul Haygood, Leah Camille Aden, Natasha M. Korgaonkar and NAACP Legal Defense & Education Fund, Inc., *counsel for Intervenor Plaintiff-Appellees Aurica Washington; Crystal Owens; Michelle Bessiake*;

2

17. State of Texas, *Defendant*;

18. Rick Perry, in his Official Capacity as Governor of Texas, *Defendant*;

19. John Steen, in his Official Capacity as Texas Secretary of State, *Defendant*;

20. Steve McCraw, in his Official Capacity as Director of the Texas Department of Public Safety, *Defendant*;

21. Arthur D'Andrea, Gregory David Whitley, John Reed Clay, Jr., John Barret Scott, Jonathan F. Mitchell, Sean Flammer, Stephen Ronald Keister, and Texas Attorney General's Office, *counsel for Defendants*;

22. The Honorable Judge Nelva Gonzales Ramos, United States District Judge, Southern District of Texas.


/s/     *N. Terry Adams, Jr.*
N. Terry Adams, Jr.

TO THE HONORABLE FIFTH CIRCUIT COURT OF APPEALS:

Movant-Appellant True the Vote files this Motion to Expedite Appeal or Alternatively to Stay Proceedings in the District Court During the Pendency of this Appeal, and would respectfully show the Court as follows:

## INTRODUCTION

This appeal arises from the district court's denial of True the Vote's motion to intervene as a matter of right. (ROA.1357) (Ex. A). The United States brought this lawsuit to enjoin and invalidate Texas' Voter ID law, SB 14, under section 2 of the Voting Rights Act. (ROA.6055) TEX. ELEC. CODE § 630101. The case was consolidated with other lawsuits brought by individuals, organizations, and public interest groups who also seek the same result under the Constitution as well as the Voting Rights Act. (ROA.165, 1300).

After the cases were consolidated, the district court permitted several individuals and public interest groups to intervene as plaintiffs. They include: Imani Clark, (ROA.369), Aurica Washington, Crystal Owens, Michelle Bessiake, Maria Longoria Benavides, (ROA.819), the Texas League of Young Voters Education Fund, (ROA.369), and the

Texas Association of Hispanic County Judges and County Commissioners (ROA.911).[1]  Hidalgo County was also allowed to join as a party plaintiff. (ROA.5560).

Only True the Vote has been denied the right to intervene. (ROA.1357).  That order was entered by the district court on December 11, 2013. (ROA.1357) (Ex. A).

On November 15, 2013, the district court issued a scheduling order that sets this case for trial on September 2, 2014. (ROA.28).   On November 22, 2013, the district court denied requests by Texas and other parties to change the trial setting to a date in 2015 (ROA.929, 1024, 5880).  Just recently, on April 8, the district court issued an amended scheduling order that reaffirms its intent to begin trial on September 2, 2014. (Ex. B).

## MOTION TO EXPEDITE APPEAL

True the Vote promptly appealed the district court's order (ROA.1545) and timely filed its appellant's brief and record excerpts. Under the current briefing schedule, the appellees' briefs are due on June 2, 2014.  That deadline could very well be pushed back if any of the

---

[1]   All of the plaintiff-intervenors have recently been added to this appeal as appellees.

appellees, or any the newly added intervenor plaintiffs-appellees, receive additional time to file their briefs.

Because the district court has recently reaffirmed that it intends to maintain the trial setting of September 2, 2014 (Ex. B), the underlying case is racing forward and creating the serious risk that it may potentially moot True the Vote's appellate complaints and deprive this Court of jurisdiction to consider this appeal.

Preserving the Court's jurisdiction over this appeal is good cause to expedite this appeal, including the Court's consideration and disposition of it, so that True the Vote, upon a favorable decision, may have the opportunity to meaningfully prepare for and participate at trial on September 2, 2014. 5TH CIR. R. 27.5.

## ALTERNATIVE MOTION TO STAY THE UNDERLYING CASE DURING THE PENDENCY OF THIS APPEAL

True the Vote understands that it may not be feasible for the Court under its current workload and schedule to expedite its consideration and disposition of this appeal well in advance of the September 2 trial setting. Accordingly, True the Vote alternatively requests that the Court stay the underlying case during the pendency of this appeal in order to prevent True the Vote from being irreparably

6

harmed by having its appellant complaints becoming moot and this Court being deprived of jurisdiction over the appeal. FED. R. APP. P. 8; 5th CIR. R. 8.1.

As detailed in True the Vote's appellant's brief, True the Vote is entitled to intervene in the underlying lawsuit as a matter of right because it satisfied all of the requirements of Rule 24(a). (ROA.462). Moreover, in denying True the Vote's right to intervene, the district court failed to conduct the required practical analysis of the facts and circumstances underlying True the Vote's requested intervention. Instead, the district court used an order denying intervention to True the Vote in a different case, from a different state, and involving different circumstances as its only stated basis for denying intervention. (ROA.630). As a result, True the Vote should prevail on the merits of its appeal.

It is not practicable for True the Vote to first make this request in the district court because True the Vote has been denied the opportunity to be involved in the district court as a matter of right. The record, however, shows that the district court has already denied an attempt by Texas and other parties to change the September 2 trial setting and

7

move it to 2015. (ROA.929, 5880). Since that time, the district court has indicated that it intends to begin trial on September 2, 2014—with the most recent indication being on April 8. (ROA.29, 1024) (Ex.B).

Because the September 2, 2014 trial setting is just four months away, a stay is required to prevent True the Vote's appellant complaints from potentially becoming moot and to preserve the Court's jurisdiction over this appeal. A stay will also serve the public's interest in this case by ensuring that the trial of the underlying case can include True the Vote's important perspectives, contributions, and potential section 2 remedy to preserve Voter ID law in Texas.

## CONCLUSION AND PRAYER FOR RELIEF

Movant-Appellant True the Vote respectfully requests this Court to expedite this appeal, including the Court's disposition of it well in advance of the September 2, 2014 trial setting, so that True the Vote may have the opportunity to meaningfully participate at trial as an intervenor-defendant on September 2, 2014. 5TH CIR. R. 27.5.

Alternatively, True the Vote requests the Court to stay the underlying case during the pendency of this appeal in order to preserve the Court's appellate jurisdiction over this appeal and to prevent True

the Vote from being irreparably harmed by having its appellate complaints becoming moot. FED. R. APP. P 8(a)(2); 5ᵗʰ CIR. R. 8.1; 5ᵗʰ CIR. R. 8.1. True the Vote additionally requests such other and further relief that it may be justly entitled.

Respectfully submitted,

/s/    *Joseph M. Nixon*

| | |
|---|---|
| Joseph M. Nixon | James E. "Trey" Trainor, III. |
| N. Terry Adams, Jr. | BEIRNE, MAYNARD & PARSONS, LLP |
| Kelly H. Leonard | 401 W. 15th Street, Suite 845 |
| BEIRNE, MAYNARD & PARSONS, LLP | Austin, Texas 78701 |
| 1300 Post Oak Blvd, Suite 2500 | (512) 623-6700  Tel. |
| Houston, Texas  77056 | (512) 623-6701  Fax |
| (713) 623-0887  Tel. | |
| (713) 960-1527  Fax | |

**Counsel for Movant-Appellant**
**True the Vote**

9

## CERTIFICATE OF CONFERENCE

In accordance with 5ᵀᴴ CIR. R. 27.4, the undersigned counsel contacted counsel for Plaintiffs-Appellees and counsel for Intervenor Plaintiff-Appellees regarding this Motion and was informed as follows: (i) the Veasey-LULAC plaintiffs-appellees oppose the Motion in its entirety, (ii) the United States plaintiff-appellee also opposes the Motion and anticipates filing an opposition, and (iii) the Texas League of Young Voters Education Fund group of intervenors plaintiffs-appellees takes no position on the Motion.

*/s/ James E. "Trey" Trainor*
James E. "Trey" Trainor

## CERTIFICATE OF SERVICE

By filing electronically, I certify that service was accomplished through the Notice of Electronic Filing for parties and counsel who are Filing Users and that service was accomplished on any party who is not a Filing User in accordance with the Federal Rules and the Local Rules on May 5, 2014.

*/s/ N. Terry Adams, Jr.*
N. Terry Adams, Jr.

Anna Baldwin
John Albert Smith III
U.S. Department of Justice
NWB 7273
950 Pennsylvania Avenue NW
Washington, DC 20530
F: 202-514-8490
Anna.baldwin@usdoj.gov

Christina A. Swarns
NAACP Legal Defense Fund
40 Rector Street, 5ᵗʰ Floor
New York, NY 10006
F: 212-229-7592
cswarns@naacpldf.org

Erin Flynn
U.S. Department of Justice
RFK Room 3742
950 Pennsylvania Avenue NW
Washington, DC 20530
F: 202-514-8490
Erin.flynn@usdoj.gov

Diana Flynn
U.S. Department of Justice
PO Box 14403
Ben Franklin Station
Washington, DC 20044
F: 202-514-8490
Diana.k.flynn@usdoj.gov

John Albert Smith, III
U.S. Attorney's Office
800 N. Shoreline Boulevard
Suite 500
Corpus Christi, Texas 78401
F: 361-888-3200
John.a.smith@usdoj.gov

Chad W. Dunn
Brazil & Dunn
4201 Cypress Creek
Suite 530
Houston, TX 77068
F: 281-580-6310
chad@brazilanddunn.com

Gerard J. Sinzdak
Wilmer, Cutler, Pickering, Hale &
Dorr LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
Gerard.sinzdak@wilmerhalte.com

Rolando Leo Rios, I,
115 E. Travis Street
Suite 1645
San Antonio, Texas 78295
F: 210-222-2898
rrios@rolandorioslaw.com

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

MARC VEASEY, *et al*,                     §
                                          §
          Plaintiffs,                     §
VS.                                       §        CIVIL ACTION NO. 2:13-CV-00193
                                          §
RICK PERRY, *et al*,                      §
                                          §
          Defendants.                     §

## ORDER DENYING INTERVENTION OF TRUE THE VOTE

Before the Court is the "Motion for Intervention of True the Vote" (D.E. 38). After reviewing the documents on file and hearing arguments of counsel on November 15, 2013, the Court DENIES the Motion.

The burden of proof on a request to intervene as of right under FED. R. CIV. P. 24(a)(2) is on the party seeking intervention, True the Vote. *See generally, Ordnance Container Corp. v. Sperry Rand Corp.*, 478 F.2d 844, 845 (5th Cir. 1973). Three of the four requirements for intervention as of right under Rule 24(a)(2) require a particularized interest that the litigation threatens and that no existing party to the suit adequately represents. *See generally, Haspel & Davis Milling & Planting Co.*, 493 F.3d 570, 578 (5th Cir. 2007) (listing the four requirements). The Court agrees with the opinion in *United States v. Florida*, No. 4:12-cv-285, Slip. Op. at 3-4 (N.D. Fla. Nov. 6, 2012) (D.E. 59-1), concluding that True the Vote's interests are generalized and are adequately represented by the State Defendants.

1 / 2

Permissive intervention under Fed. R. Civ. P. 24(a)(1) is a matter entrusted to the Court's discretion. *New Orleans Public Service, Inc. v. United Gas Pipe Line Co*., 732 F.2d 452, 470-71 (5th Cir. 1984) (en banc). True the Vote does not claim a conditional right to intervene by federal statute, so the question for the Court is whether it "has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b)(1). The Court finds that True the Vote's intended contribution to this case may be accomplished without the necessity of, or burden incident to, making it a party. The Court, instead, will duly consider any motion for leave to file briefing as *amicus curiae* that True the Vote may feel compelled to file.

For the reasons set out above, the Court DENIES the Motion for Intervention of True the Vote (D.E. 38) in its entirety.

ORDERED this 11th day of December, 2013.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

|  |  |
|---|---|
| MARC VEASEY, *et al.*,<br><br>     Plaintiffs,<br><br>    v.<br><br>RICK PERRY, *et al.*,<br><br>     Defendants. | Civil Action No. 2:13-cv-193 (NGR) |
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>TEXAS LEAGUE OF YOUNG VOTERS<br>EDUCATION FUND, *et al.*,<br><br>     Plaintiff-Intervenors,<br><br>TEXAS ASSOCIATION OF HISPANIC<br>COUNTY JUDGES AND COUNTY<br>COMMISSIONERS, *et al.*,<br><br>     Plaintiff-Intervenors,<br><br>    v.<br><br>STATE OF TEXAS, *et al.*,<br><br>     Defendants. | Civil Action No. 2:13-cv-263 (NGR) |

TEXAS STATE CONFERENCE OF NAACP
BRANCHES, *et al.*,

                Plaintiffs,

        v.

NANDITA BERRY, *et al.*,

                Defendants.

Civil Action No. 2:13-cv-291 (NGR)

---

BELINDA ORTIZ, *et al.*,

                Plaintiffs,

        v.

STATE OF TEXAS, *et al.*,

                Defendants

Civil Action No. 2:13-cv-348 (NGR)

## AMENDED SCHEDULING ORDER

1. **BENCH TRIAL** is set for **September 2, 2014 at 9:00 a.m.** before United States District Judge Nelva Gonzales Ramos at the United States District Courthouse, Third Floor Courtroom (310), 1133 N. Shoreline Blvd., Corpus Christi, Texas. If the parties are prepared for trial before this date, a Joint Motion and Proposed Order indicating that the case is ready for trial and requesting an earlier date may be filed with the Court.

2. The deadline for **JOINDER OF PARTIES** without leave from the Court is **December 6, 2013**. The deadline for **AMENDMENT OF PLEADING** is **March 2, 2014**. This provision does not relieve the parties from the requirement of obtaining leave to file the pleading or add parties whenever required by the Federal Rules of Civil Procedure (*e.g.*, Fed. R. Civ. P. 15(a)(2)).

3. **PLAINTIFF United States** will disclose the output of database comparisons to all parties by **May 30, 2014**. *See* Discovery Order and Supplemental Protective Order ¶ 3 (ECF No. 174). **PLAINTIFF** United States will, within one business day, notify all parties when data from each federal agency is ready for copying and distribution to parties and experts.

2

Case 14-40003  Document 43  Page: 19  Date Filed: 05/05/2014

4. **PLAINTIFFS' EXPERT REPORTS** are due on <u>**June 27, 2014**</u>. The **STATE'S EXPERT REBUTTAL REPORTS** are due on <u>**July 25, 2014**</u> and the **PLAINTIFFS' EXPERT REPLY REPORTS** are due on <u>**August 4, 2014**</u>. Written reports by experts under Fed. R. Civ. P. 26(a)(2)(B) are due at the time of designation of each expert. Parties are ordered to file only a list of proposed witnesses with the Court pursuant to Fed. R. Civ. P. 26, but NOT reports or other discovery materials.

5. **FACT DISCOVERY** shall end on <u>**June 27, 2014**</u>. Notwithstanding the limits set forth in Fed. R. Civ. P. 30(a)(2), Plaintiffs and Plaintiff-Intervenors shall be permitted to depose sixty (60) fact witnesses collectively, and Defendants shall be permitted to depose sixty (60) fact witnesses. **EXPERT WITNESS DISCOVERY** shall end on <u>**August 17, 2014**</u>.

6. **DISPOSITIVE MOTIONS** that are not reliant on expert discovery shall be filed no later than <u>**July 7, 2014**</u>.

7. **PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW** are due on <u>**August 18, 2014**</u>. The Plaintiffs shall coordinate and file a joint set of proposed findings and conclusions. Neither the Plaintiffs' nor the Defendants' filings shall be subject to any page limitation.

8. Except for good cause, the deadline for filing all **DISPOSITIVE MOTIONS** is on <u>**August 22, 2014**</u>. **RESPONSES** to dispositive motions are due on <u>**August 29, 2014**</u>. Failure to respond timely will be considered by the Court as if the motion is unopposed, and the motion may be granted. Legal memoranda greater in length than **twenty-five (25) pages** shall <u>**NOT**</u> be filed without leave of Court. If deposition testimony is attached as an exhibit, it shall be submitted in the condensed or mini-script format, *i.e.*, four pages to one page.

9. **DAUBERT MOTIONS** shall be made orally following the conclusion of an expert's testimony.

10. The original and one copy of the parties' **JOINT PRETRIAL ORDER** shall be filed no later than <u>**August 20, 2014**</u>. Plaintiff(s) will be responsible for the filing of a Joint Pretrial Order, executed by the attorney-in-charge for each party, and conforming fully with the form set out in Appendix B of the Local Rules of the Southern District of Texas.

3

This satisfies the requirements of Fed. R. Civ. P. 26 (a)(3). In the event of any failure to cooperate in signing the Joint Pretrial Order, a party may file, by the Joint Pretrial Order deadline, a motion for leave to file a Joint Pretrial Order without the signature of all counsel, showing good cause. Differences of the parties with respect to any matter relevant to a pretrial order will be set forth in the Joint Pretrial Order at the appropriate place. Willful or indifferent failure to submit a well-prepared Joint Pretrial Order in a timely fashion or to respond to its completion is cause for dismissal in the case of Plaintiff, or in the case of Defendant, is cause for default. Parties are also ordered to submit objections to deposition testimony with the Joint Pretrial Order.

11. Any party may pre-file, no later than **August 27, 2014,** any direct examination or declaration of a trial witness in lieu of live testimony, provided that party makes the witness available for cross examination at trial.

12. **FINAL PRETRIAL CONFERENCE** is set for **August 27, 2014 at 9:00 a.m.** before United States District Judge Nelva Gonzales Ramos at the United States District Court, Third Floor Courtroom (310), 1133 N. Shoreline Blvd., Corpus Christi, Texas. The attorney-in-charge for each party is required to be present.

13. All pleadings, motions, briefs, memoranda, and requests for affirmative relief will be directed to the Court in **pleading form**, not correspondence form, through the United States District Clerk in Corpus Christi, Texas:

**United States District Clerk**
**Corpus Christi Division**
**Southern District of Texas**
**1133 N. Shoreline Blvd.**
**Corpus Christi, TX 78401**

You are requested **NOT** to use the informality of letter briefs, letters citing authorities, or letters requesting continuances or other affirmative relief. Additionally, do not copy the Court on letters between the parties.

ORDERED this 8th day of April 2014.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE

4