IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
_____

No. 14-40003

MARC VEASEY, *et al.*,

Plaintiffs-Appellees

v.

RICK PERRY, *et al.*,

Defendants-Appellees

v.

TRUE THE VOTE,

Movant-Appellant
_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
_____

RESPONSE IN OPPOSITION FOR THE UNITED STATES AS APPELLEE TO
APPELLANT'S MOTION TO EXPEDITE AND FOR A STAY
_____

Appellant True the Vote filed a motion on May 5, 2014, to expedite its appeal from the district court's decision denying its motion to intervene in this litigation. That motion lacks good cause, coming five months after the district court denied intervention and six weeks after this Court set a briefing schedule.

In the alternative, appellant also moved for this Court to stay the proceedings in the district court pending this appeal. That motion is procedurally barred. The issue was never presented to the district court despite the practicability of doing so. In any event, the argument for staying the litigation is even weaker than the argument for expediting the appeal. The other parties to this complex litigation have relied extensively on the court-established schedules concerning both this appeal and the trial below.

The Court thus should deny both motions. Granting either of appellant's motions at this particular point in time would unfairly prejudice the United States.

*1.    The Motion To Expedite Lacks Good Cause And Would Prejudice The United States*

Fifth Circuit Rule 27.5 allows this Court to expedite an appeal "for good cause." Appellant states that, because the district court "recently reaffirmed" a trial date of September 2, 2014, "the underlying case is racing forward" and could "potentially moot True the Vote's appellate complaints." Motion to Expedite, 6. Appellant is both dilatory and mistaken in its request.

Nothing has changed to warrant expedition. Instead, appellant's actions belie its claim of urgency. The district court first established September 2, 2014, as the trial date in this very complex case at the initial pretrial conference held six months ago on November 15, 2013. The district court since has reaffirmed that trial date on several occasions, and the parties have been diligently working

towards that deadline.  By contrast, appellant waited to file its motion to expedite until May 5, 2014, five months after the district court denied intervention on December 11, 2013; six weeks after this Court set a briefing schedule on March 21, 2014; and five days after appellant filed its opening brief on April 30, 2014.  Appellant's delay undermines its claimed need for this appeal to proceed faster than the timelines established by this Court almost two months ago.

In addition, the current briefing schedule is sufficient.  This Court already has complete control to ensure that the briefing in this appeal concludes more than two months in advance of the district court's scheduled trial date, at which point the Court can take whatever action it deems appropriate in light of the merits of the case, including whether to fast track oral argument or a decision.  Appellant concedes that the United States' appellee brief is due June 2, a full three months before the current trial date.  "Motions for extension of time to file briefs are disfavored," 5th Cir. R. 27 I.O.P., and the United States is working diligently to meet the June 2 deadline.  Appellant's conjecture that the "deadline could very well be pushed back" (Motion to Expedite, 5), fails to establish good cause.  No party has yet to request an extension, nor has this Court much less granted one.  In any case, this Court is fully capable of ruling on any such request based on all circumstances extant at the time, including the state of proceedings in the district court.

Finally, expediting the appeal at this juncture would prejudice the United States. The United States has relied on the briefing schedule set by this Court back on March 21. The Civil Rights Division faces a number of competing enforcement demands, and handling any appeal requires extensive discussions among our trial and appellate attorneys and other offices to develop the appropriate position to present to a Court. This appeal is no exception. Our office has worked, and continues to work, expeditiously and in good faith to respond to the brief that appellants filed on April 30 after having almost five months to draft it. Expediting the appeal by a few weeks *during* the 33-day window allotted for preparation of our brief would unfairly prejudice our diligent efforts.

*2.    The Motion For A Stay Is Barred And Would Prejudice The United States*

Federal Rule of Appellate Procedure 8 requires that a party seeking a stay pending appeal first move in the district court for the stay unless the party can "show that moving first in the district court would be impracticable." Fed. R. App. P. 8(a)(2)(A)(i). "Under [this Court's] construction of Rule 8(a), * * * the district court should have the opportunity to rule on the reasons and evidence presented in support of a stay, unless it clearly appears that further arguments in support of the stay would be pointless in the district court." *Ruiz* v. *Estelle*, 650 F.2d 555, 567 (5th Cir. 1981). Allowing the district court that opportunity is warranted if a request for a stay raises matters never raised in the district court. *Ibid.*

- 5 -

When a motion for a stay is properly raised, this Court

> consider[s] four factors in deciding whether to grant a stay pending appeal: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Planned Parenthood of Greater Tex. Surgical Health Servs.* v. *Abbott*, 734 F.3d 406, 410 (5th Cir. 2013) (citation and internal quotation marks omitted). "A stay is not a matter of right, even if irreparable injury might otherwise result to the appellant." *Ibid.* (citation and internal quotation marks omitted).

Here, appellant's motion for a stay is procedurally barred. Appellant failed to move for a stay first in the district court and has failed to show that doing so would be impracticable. Indeed, appellant had five months to file such a motion with the district court, and instead did nothing. Appellant's reference to the district court's April 8 amended scheduling order is beside the point. That scheduling order did not alter in any way the preexisting trial date of almost four months from now, September 2, 2014. Instead, it dealt only with intermediate deadlines. Appellant's belated desire for a stay notwithstanding, requesting one from the district court remains practicable. Cf. *Abbott*, 734 F.3d at 410 (finding impracticability where a law would have taken effect the day after the district court issued its opinion).

Moreover, the district court has been carefully presiding over proceedings below. That court is the best positioned to weigh in the first instance appellant's reasons for a stay against the effect a stay would have on the parties and the public interest. See *Ruiz*, 650 F.2d at 567.

In any case, appellant's request for a stay also fails on the merits because appellant establishes none of the four elements required to justify a stay. First, appellant is unlikely to succeed on the merits. The United States' appellee brief, due in a few weeks, will discuss more fully why the district court properly denied appellant's motion to intervene as of right because appellant failed to satisfy the requirements for mandatory intervention.

Second, appellant will not be irreparably injured absent a stay. As discussed above, appellant's dilatory request for a stay belies its claim of urgency. Further, the briefing schedule established by this Court back in March ensures that the briefing in this appeal will conclude more than two months in advance of the district court's scheduled trial date, at which point the Court can take whatever action it deems appropriate in light of the merits of the case.

Third, a stay would substantially injure the United States. In the five months between the district court's denial of intervention and appellant's request for a stay, while appellant bided its time, the parties to this complex litigation have engaged in extensive discovery and trial preparation consistent with the court-ordered

deadlines of this Court and the district court below. Granting a stay would snarl unjustly those expeditious and good faith efforts.

Fourth, appellant fails to advance a public interest that justifies a stay. Appellant argues that a stay would advance the public interest by ensuring that it could participate in the trial below, which assumes that appellant will succeed in this appeal. As discussed above, the United States' appellee brief will demonstrate why the district court correctly denied appellant's motion to intervene as of right. But even assuming that appellant presents a meritorious appeal, briefing will conclude months in advance of the scheduled trial date, providing this Court sufficient time without a stay to take whatever action the merits warrant.

- 8 -

## CONCLUSION

This Court should deny appellant True the Vote's motion to expedite the appeal and to stay the proceedings in the district court pending this appeal.

Respectfully submitted,

JOCELYN SAMUELS
  Acting Assistant Attorney General

s/ Robert A. Koch
DIANA K. FLYNN
ERIN H. FLYNN
ROBERT A. KOCH
  Attorneys
  Department of Justice
  Civil Rights Division
  Appellate Section
  Ben Franklin Station
  P.O. Box 14403
  Washington, DC 20044-4403
  (202) 305-2302

## CERTIFICATE OF SERVICE

I certify that on May 15, 2014, I electronically filed the foregoing RESPONSE IN OPPOSITION FOR THE UNITED STATES AS APPELLEE TO APPELLANT'S MOTION TO EXPEDITE AND FOR A STAY with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system.

I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

s/ Robert A. Koch<br>
ROBERT A. KOCH<br>
  Attorney