No. 14-40003

IN THE
UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

MARC VEASEY; JANE HAMILTON; SERGIO DELEON; FLOYD CARRIER; ANNA BURNS; MICHAEL MONTEZ; PENNY POPE; OSCAR ORTIZ; KOBY OZIAS; LEAGUE OF UNITED LATIN AMERICAN CITIZENS; JOHN MELLOR-CRUMMEY; DALLAS COUNTY, TEXAS,

*Plaintiffs – Appellees*,

v.

RICK PERRY, IN HIS OFFICIAL CAPACITY AS GOVERNOR OF TEXAS; ET AL,

*Defendants*,

UNITED STATES OF AMERICA,

*Plaintiff – Appellee*,

TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND; IMANI CLARK; TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS; AURICA WASHINGTON; CRYSTAL OWENS; MICHELLE BESSIAKE; MARIA LONGORIA BENEVIDES,

*Intervenor Plaintiffs – Appellees*,

v.

STATE OF TEXAS; ET AL,

*Defendants*,

TRUE THE VOTE,

*Movant – Appellant.*

On Appeal from the United States District Court,
Southern District of Texas, Corpus Christi Division

**VEASEY-LULAC APPELLEE'S OPPOSITION TO MOTION TO EXPEDITE APPEAL OR ALTERNATIVELY TO STAY PROCEEDINGS IN THE DISTRICT COURT DURING THE PENDENCY OF THIS APPEAL**

| | |
|---|---|
| CHAD W. DUNN | J. GERALD HEBERT |
| Brazil & Dunn | Campaign Legal Center |
| 4201 Cypress Creek Pkwy, Suit 530 | 215 E Street NE |
| Houston, TX 77068 | Washington, DC 20002 |
| Telephone: (281) 580-6310 | Telephone: (202) 736-2200 |
| Facsimile: (281) 580-6362 | Facsimile: (202) 736-2222 |

*Counsel for Plaintiffs-Appellees*

TO THE HONORABLE FIFTH CIRCUIT COURT OF APPEALS:

Plaintiffs-Appellees Marc Veasey, Jane Hamilton, Sergio DeLeon, Floyd Carrier, Anna Burns, Michael Montez, Penny Pope, Oscar Ortiz, Koby Ozias, John Mellor-Crumley, League of United Latin American Citizens, and Dallas County, Texas, (collectively, the "Veasey-LULAC Plaintiffs-Appellees") respectfully submit this memorandum in opposition to Appellant True the Vote's motion to expedite its appeal or, in the alternative, stay the proceedings in the lower court.

## INTRODUCTION

On December 11, 2013, Appellant True the Vote was denied intervention as a defendant in the lawsuit over Texas's new voter identification law, SB 14. ROA.1357. The district court found that True the Vote does not have a particularized interest that the litigation threatens to impair or impede, and instead has only a generalized interest in the subject matter of the case. *Id.* Additionally, the court found that True the Vote's interests will be adequately represented by the State of Texas. *Id.* The court noted in its order, however, that it would "duly consider any motion for leave to file briefing as *amicus curiae* that True the Vote may feel compelled to file." ROA.1358. Appellant True the Vote has thus far failed to avail itself of the opportunity to seek participation as *amicus curiae*.

In any event, on December 20, 2013, True the Vote filed a notice of appeal with this Court. ROA.1447.[1] At that time, True the Vote did not file a motion to expedite its appeal or stay the underlying proceedings. Instead, it waited well over four months, until May 5, 2014, to file these motions. True the Vote waited all of this time, even though the circumstance that supposedly requires expedited consideration—the September 2, 2014 trial date—existed even before the district court denied True the Vote's right to intervene. In the six pages of its motion, True the Vote offers no explanation or excuse for this unreasonable delay.

Given this delay, True the Vote cannot demonstrate "good cause" to expedite the appeal—any harm it will suffer from following this Court's normal appeals schedule can only be attributed to its own failure to file a motion to expedite immediately or shortly after it was denied intervention. True the Vote's inexplicable foot dragging is also reason enough to deny the request to stay the underlying proceedings, especially when the relief sought would severely prejudice the parties below, who have been engaged in active discovery for months and who are preparing for trial. But, further problematic to its request, True the Vote never sought a stay from the district court in accordance with the Federal Rules of Appellate Procedure, despite having months to do so.

---

[1] True the Vote initially filed a notice of appeal on December 13, 2013. ROA.1380. That notice was withdrawn (ROA.1444) and a new notice was filed on December 20, 2013 (ROA.1447).

Parties cannot be allowed to wait over four months after filing a notice of appeal to seek expedited consideration or a stay of proceedings, while all along knowing full well the circumstances they claim require such actions.

## I. TRUE THE VOTE HAS WAITED TOO LONG TO SEEK EXPEDITED CONSIDERATION

Under 5th Circuit Rule 27.5, an appellant must show "good cause" to expedite an appeal. True the Vote simply cannot establish "good cause" under the circumstances. After filing its amended notice of appeal on December 20, 2013, True the Vote proceeded for over four months as if the normal appeals schedule was fine. Now, suddenly, True the Vote claims it is necessary to expedite the appeal because the underlying case is "racing forward" to its September 2, 2014 trial date and, if the appeal is not expedited, the issue may become moot and deprive this Court of jurisdiction. Mot. to Expedite 6.

This delay in filing was not the result of new or changed circumstances. The underlying case is merely proceeding with the trial date that the district court set in its initial scheduling order on November 22, 2013. ROA.1024. In fact, at the time it was denied intervention months ago, True the Vote was fully aware of the trial date. Had True the Vote filed their motion when they filed their notice of appeal, or even shortly thereafter, it likely could have obtained a ruling in time to participate in the bulk of the discovery process and could have done so without delaying the case and burdening the district court and the existing parties. Any

3

harm True the Vote may now claim as a result of maintaining this Court's ordinary appeals schedule can only be attributed to its own dilatory actions (or rather, inactions).

When parties have followed similarly dilatory approaches to seeking expedited consideration, courts have rejected those requests. In *Morland v. Sprecher*, 443 U.S. 709, 99 S. Ct. 3086 (1979) (per curiam), for instance, the Supreme Court denied the petitioners' request for a writ of mandamus to compel the Seventh Circuit to hear their appeal on an expedited basis. There, a district court had preliminarily enjoined the petitioners from publishing an article titled "The H-Bomb Secret: How We Got It, Why We're Telling It." *Id.* at 709. Although the case involved a prior restraint of fundamental First Amendment rights, the Court held that the petitioners were not entitled to a writ for an expedited appeal. *Id.* at 710. The Court explained that, "[i]n view of their conduct in prosecuting their appeal before the Court of Appeals . . . th[e] petitioners have effectively relinquished whatever right they might otherwise have had to expedited consideration." *Id.* at 709. The Court pointed to the fact that, after the district court entered the injunction, the petitioners waited two weeks to file a notice of appeal and waited another two-and-a-half months to file a "meaningful" motion for expedited review. *Id.* at 710. Here, True the Vote has waited even longer. Accordingly, this Court should deny the motion to expedite.

## II. THERE IS NO BASIS FOR STAYING THE TRIAL COURT PROCEEDINGS DURING TRUE THE VOTE'S APPEAL

The Court should also reject True the Vote's request for the extraordinary relief of staying the lower court proceedings. The Veasey-LULAC Appellees agree with other Appellees that True the Vote cannot satisfy the four-part test for granting a stay.[2] But equally problematic to True the Vote's request is that it did not seek a stay from the district court, despite having nearly five months to do so, and it has also failed to show that seeking a stay from that court was impracticable. Under the Federal Rules of Appellate Procedure, "[a] party must ordinarily move first in the district court" to stay an order of that court pending an appeal. Fed. R. App. P. 8(a)(1)(A). If the party does not move first in the district court, the party must demonstrate that doing so was "impracticable." Fed. R. App. P. 8(a)(2)(A)(i); *see also, e.g.*, *Alice L. v. Dusek*, 492 F.3d 563 (5th Cir. 2007) ("Additionally, Dusek requests a stay of trial on the Title IX claim. Dusek made no argument before the district court for a stay of trial, so we will not consider the argument now. Fed. R. App. P. 8(a)(1).").

---

[2] On a motion to stay underlying proceedings, the Court considers four factors: (1) the movant's likelihood of success on the merits; (2) whether the movant would be irreparably harmed if the stay were not granted; (3) whether a stay would substantially harm the other parties in the case; and (4) the public interest. *In re First South Sav. Ass'n*, 820 F.2d 700 (5th Cir. 1987). Because there are other parties filing briefs that address True the Vote's inability to satisfy these factors, and because the Veasey-LULAC Appellees believe True the Vote's delay and failure to follow the Federal Rules are reason enough to deny the request, this memo does not address this issue at length.

Parties have previously been able to demonstrate impracticability where, for example, a law enjoined by a district court was supposed to take effect the next day. In *Planned Parenthood of Greater Texas Surgical Health Services v. Abbott*, 734 F.3d 406 (5th Cir. 2013), a district court enjoined a Texas abortion statute, HB 2. Because the law was scheduled to take effect the next day, Texas moved swiftly to file an appeal and to file a motion to stay the district court's order. In its motion, Texas explained it was impracticable to first seek a stay from the district court because the enjoined law was scheduled to take effect the day after the district court's order and the very day their motion was filed with this Court. Emergency Mot. to Stay Final Judgment Pending Appeal, at ii, *Planned Parenthood of Greater Texas Surgical Health Services v. Abbott*, 734 F.3d 406 (5th Cir. 2013). This Court granted the State's motion in that case, noting that "[a]lthough the State did not seek a stay in the district court, as it would ordinarily be required to do," Planned Parenthood did not contest the State filing its motion first with the Court of Appeals and, further, the timeframe made it impracticable to first file a motion in the district court. 734 F.3d at 410.

True the Vote, by contrast, has had more than ample time to file a motion with the district court. It also cannot point to any legitimate reason why it failed to do so. In its motion, for instance, True the Vote claims it was impracticable to file a motion in the district court because it had "been denied the opportunity to be

6

involved in the district court" proceedings. Mot. to Expedite 7. Nothing, however, would have prevented True the Vote from filing a motion for a stay of proceedings while it pursued an order of that court. True the Vote also suggests in its motion that, because the district court "denied an attempt by Texas and other parties to change the September 2 trial setting and move it to 2015" it was not practicable to first ask the district court for a stay. *Id.* This statement appears to refer to the United States' motion in February 2014 to modify the scheduling order because of concerns that a database match involving federal and state agencies could not be completed in time for trial. ROA.5127. The district court denied that request and maintained the September 2, 2014 trial date because it found that delaying the trial on the grounds asserted in the United States' motion was unwarranted. ROA.5292. The district court, however, was never asked to consider whether a stay pending True the Vote's appeal would be appropriate. True the Vote cannot rely on the district court's other scheduling choices to claim it was impracticable to first seek a stay from that court, as the Federal Rules plainly require.

Perhaps even more importantly for deciding this motion, however, is the fact that True the Vote has delayed seeking an expedited appeal until now. After True the Vote filed its amended notice of appeal in this Court on December 20, 2013, it procrastinated for months before filing these motions. It now claims there is an "emergency" because the case is proceeding to trial on the schedule set by the

district court back in November 2013. This Court should not countenance such inexcusable, dilatory tactics. To the extent any emergency exists, it has been caused by True the Vote's own failure to take action. True the Vote was aware of the September 2nd trial date when it filed its appeal.

In *Alice L. v. Dusek*, 492 F.3d 563 (5th Cir. 2007), this Court considered a request to stay lower court proceedings while a party appealed the district court's denial of qualified immunity. In its opinion denying the request, the Court noted:

> [T]he district court denied Dusek's request to stay proceedings on April 19, 2007. Yet, Dusek waited until July 2 to file her motion in this court and requested that it be treated as an emergency, seeking a decision before July 13. This court strongly disfavors the practice of creating an "emergency" by waiting to file a motion.

492 F.3d at 565. That is precisely the situation here.

The other parties in the case should not have to suffer the injury and bear the costs of True the Vote's delay and self-created "emergency." The parties have already expended substantial resources in the trial court to ensure that they are ready for trial on September 2nd. To allow True the Vote to hold up the case now, just because it failed to seek expedited consideration for several months, would be prejudicial and manifestly unjust.

## **CONCLUSION**

The Veasey-LULAC Plaintiffs-Appellees respectfully request this Court deny True the Vote's motion to expedite its appeal and its motion to stay the lower court proceedings. True the Vote cannot be allowed to create its own "emergency" by waiting nearly five months to file a motion to expedite, when the reason for that "emergency"—the trial date—existed even before the notice of appeal was filed with this Court.

                                                    Respectfully submitted,

                                                    /s/ J. Gerald Hebert

| | |
|---|---|
| CHAD W. DUNN | J. GERALD HEBERT |
| Brazil & Dunn | Campaign Legal Center |
| 4201 Cypress Creek Pkwy, Suit 530 | 215 E Street NE |
| Houston, TX 77068 | Washington, DC 20002 |
| Telephone: (281) 580-6310 | Telephone: (202) 736-2200 |
| Facsimile: (281) 580-6362 | Facsimile: (202) 736-2222 |

***Counsel for the Veasey-LULAC Plaintiffs-Appellees***

**CERTIFICATE OF SERVICE**

    By filing electronically, I certify that service was accomplished through the Notice of Electronic Filing for parties and counsel who are Filing Users and that service was accomplished on any party who is not a Filing User in accordance with the Federal Rules and the Local Rules on May 16, 2014.

                                      /s/ J. Gerald Hebert
                                      J. GERALD HEBERT