Case No. 14-40003

# IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

MARC VEASEY; JANE HAMILTON; SERGIO DELEON; FLOYD CARRIER; ANNA BURNS; MICHAEL MONTEZ; PENNY POPE; OSCAR ORTIZ; KOBY OZIAS; LEAGUE OF UNITED LATIN AMERICAN CITIZENS; JOHN MELLOR-CRUMLEY; DALLAS COUNTY, TEXAS,

*Plaintiffs – Appellees,*

v.

RICK PERRY, IN HIS OFFICIAL CAPACITY AS GOVERNOR OF TEXAS; ET AL,

*Defendants,*

UNITED STATES OF AMERICA,

*Plaintiff – Appellee,*

TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND; IMANI CLARK; TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS; AURICA WASHINGTON; CRYSTAL OWENS; MICHELLE BESSIAKE; MARIA LONGORIA BENEVIDES,

*Intervenor Plaintiffs – Appellees,*

v.

STATE OF TEXAS; ET AL,

*Defendants,*

TRUE THE VOTE,

*Movant – Appellant.*

On Appeal from the U.S. District Court for the Southern District of Texas, Corpus Christi Division — USDC No. 2:13-cv-00263 cons w/ USDC No. 2:13-cv 00193

## MOVANT-APPELLANT'S CONSOLIDATED REPLY IN SUPPORT OF MOTION TO EXPEDITE APPEAL OR ALTERNATIVELY TO STAY PROCEEDINGS IN THE DISTRICT COURT DURING THE PENDENCY OF THIS APPEAL

Joseph M. Nixon
N. Terry Adams, Jr.
Kelly H. Leonard
BEIRNE, MAYNARD & PARSONS, LLP
1300 Post Oak Blvd, Suite 2500
Houston, Texas  77056
(713) 623-0887   Tel.
(713) 960-1527   Fax

James E. "Trey" Trainor, III
BEIRNE, MAYNARD & PARSONS, LLP
401 W. 15th Street, Suite 845
Austin, Texas  78701
(512) 623-6700   Tel.
(512) 623-6701   Fax

Counsel for Movant-Appellant

TO THE HONORABLE FIFTH CIRCUIT COURT OF APPEALS:

Movant-Appellant True the Vote files this Consolidated Reply in Support of its Motion to Expedite Appeal or Alternatively to Stay Proceedings in the District Court During the Pendency of this Appeal, and would respectfully show the Court as follows:

## INTRODUCTION

Plaintiff-Appellee United States of America ("United States") and Plaintiffs-Appellees Marc Veasey; Jane Hamilton; Sergio DeLeon; Floyd Carrier; Anna Burns; Michael Montez; Penny Pope; Oscar Ortiz; Koby Ozias; League of United Latin American Citizens; John Mellor-Crumley; Dallas County, Texas ("Veasey-LULAC Plaintiffs-Appellees") make substantially the same arguments in opposing True the Vote's motion to expedite or alternatively to stay the trial court proceedings during the pendency of this appeal (Doc. No. 00512631555, Doc. No. 00512633524.) True the Vote therefore addresses their arguments together in this consolidated reply.

Significantly, neither the United States nor the Veasey-LULAC Plaintiffs-Appellees dispute that, unless this appeal is expedited or the trial court proceedings are stayed, True the Vote's appellate complaints

may become moot and this Court will be deprived of jurisdiction to consider this appeal.

## THE MOTION TO EXPEDITE SHOULD BE GRANTED

The United States is the only party who opposed True the Vote's intervention in the district court. (ROA.615-709.) The United States now argues that its work schedule would be prejudiced if True the Vote's motion to expedite was granted and True the Vote had a meaningful appeal of that erroneous ruling. (Doc. No. 00512631555 at 2, 4.) The Veasey-LULAC Plaintiffs-Appellees make a similar contention in opposing True the Vote's intervention for the first time on appeal. (Doc. No. 00512633524 at 3.)

In that regard, the United States and the Veasey-LULAC Plaintiffs-Appellees both argue that "good cause" under 5th Cir. R. 27.4 does not exist here under a laches theory because True the Vote did not make its request at the start of the appeal. (Doc. No. 00512631555 at 2, Doc. No. 00512633524 at 3.) That is a smoke-screen. It was not until April 8, when the district court issued an amended scheduling order reaffirming the September 2 trial setting, that True the Vote became certain that the district court was not going to move the trial setting.

(Doc. No. 00512618965, Ex. B.) True the Vote then asked this Court to expedite the appeal or alternatively to stay the trial less than a month later. (Doc. No. 00512618965.) That does not invoke laches.

More importantly, the United States and the Veasey-LULAC Plaintiffs-Appellees do not dispute in their responses that "[p]reserving the Court's jurisdiction over this appeal *is good cause* to expedite this appeal." (Doc. No. 00512618965 at 6) (emphasis added.) They also do not dispute that preserving the Court's jurisdiction is necessary "so that True the Vote, upon a favorable decision, may have the opportunity to meaningfully prepare for and participate at trial on September 2." (*Id.*)

Based on this uncontroverted good cause, the Court should expedite this appeal, including the Court's consideration and disposition of it, under 5th Cir. R. 27.4 and Rule 2 of the Federal Rules of Appellate Procedure. *See* FED. R. APP. P. 2 (permitting the court "to suspend any provision of [the Federal Rules of Appellate Procedure] in a particular case and order proceedings as it directs" in order "to expedite its decision or for other good cause.")

## THE MOTION TO STAY SHOULD BE GRANTED
## IN THE ALTERNATIVE

Once again, True the Vote understands that it may not be feasible for the Court under its current workload and schedule to expedite its consideration and disposition of this appeal well in advance of September 2. Accordingly, True the Vote alternatively requests that the Court stay the underlying case during the pendency of this appeal to prevent True the Vote's appellant complaints from becoming moot and to preserve the Court's jurisdiction over this appeal. FED. R. APP. P. 8; 5th CIR. R. 8.1.

The United States and the Veasey-LULAC Plaintiffs-Appellees object that True the Vote did not first request a stay from the district court. (Doc. No. 00512631555 at 5, Doc. No. 00512633524 at 5.) That is without merit. Because True the Vote was not a party to the case *before* the district court ruled on its motion to intervene, True the Vote did not a have a legal right to ask the district court for a stay at that time. The same is true *after* the district court denied True the Vote's motion to intervene. True the Vote was still not a party and still lacked a legal right to ask the district court for a stay of the trial proceedings. This Court is the first place that True the Vote could properly ask for a stay

of the trial proceedings under Rule 8(a)(2) of the Federal Rules of Appellate Procedure.

Next, the United States and the Veasey-LULAC Plaintiffs-Appellees conclusorily assert that True the Vote will not be irreparably harmed without a stay. (Doc. No. 00512631555 at 6, Doc. No. 00512633524 at 5-8.) But significantly, neither the United States nor the Veasey-LULAC Plaintiffs-Appellees dispute that a stay is necessary and important "in order to prevent True the Vote from being irreparably harmed by having its appellate complaints becoming moot and this Court being deprived of jurisdiction over the appeal." (Doc. No. 00512618965 at 7-8.)

Additionally, the truths that a stay would serve the public interest and that True the Vote should prevail on the merits of its appeal were substantially unaddressed by the United States and the Veasey-LULAC Plaintiffs-Appellees in their responses. (Doc. No. 00512631555 at 6-7, Doc. No. 00512633524 at 5 n. 2.) Lastly the United States broadly asserts that it would be "substantially injure[d]" by a stay—but the United States provides no specifics other than that the deadlines in the

5

district court would be "snarl[ed.]"  (Doc. No. 00512631555 at 7.)  That is not a substantial injury.

For all of these reasons, including the uncontroverted good cause and irreparable harm to True the Vote, this Court should stay the proceedings in the district court including the September 2 trial setting.

## CONCLUSION AND PRAYER FOR RELIEF

Movant-Appellant True the Vote respectfully requests this Court to expedite this appeal, including the Court's consideration and disposition of it sufficiently well in advance of September 2, 2014, so that True the Vote may have the opportunity to meaningfully participate at trial as an intervenor-defendant on September 2, 2014.

Alternatively, True the Vote requests the Court to stay the underlying case during the pendency of this appeal in order to preserve the Court's appellate jurisdiction over the appeal and to prevent True the Vote's appellate complaints from becoming moot. FED. R. APP. P 8(a)(2); 5th CIR. R. 8.15th CIR. R. 8.1.  True the Vote additionally requests such other and further relief that it may be justly entitled.

Respectfully submitted,

*/s/   Joseph M. Nixon*

| | |
|---|---|
| Joseph M. Nixon | James E. "Trey" Trainor, III. |
| N. Terry Adams, Jr. | BEIRNE, MAYNARD & PARSONS, LLP |
| Kelly H. Leonard | 401 W. 15th Street, Suite 845 |
| BEIRNE, MAYNARD & PARSONS, LLP | Austin, TX 78701 |
| 1300 Post Oak Blvd, Suite 2500 | (512) 623-6700   Tel. |
| Houston, Texas  77056 | (512) 623-6701   Fax |
| (713) 623-0887   Tel. | |
| (713) 960-1527   Fax | |

**Counsel for Movant-Appellant True the Vote**

# CERTIFICATE OF SERVICE

By filing electronically, I certify that service was accomplished through the Notice of Electronic Filing for parties and counsel who are Filing Users and that service was accomplished on any party who is not a Filing User in accordance with the Federal Rules and the Local Rules on May 27, 2014.

*/s/ N. Terry Adams, Jr.*
N. Terry Adams, Jr.

| | |
|---|---|
| Anna Baldwin<br>John Albert Smith III<br>U.S. Department of Justice<br>NWB 7273<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530<br>F: 202-514-8490<br>Anna.baldwin@usdoj.gov | Christina A. Swarns<br>NAACP Legal Defense Fund<br>40 Rector Street, 5th Floor<br>New York, NY 10006<br>F: 212-229-7592<br>cswarns@naacpldf.org |
| Erin Flynn<br>U.S. Department of Justice<br>RFK Room 3742<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530<br>F: 202-514-8490<br>Erin.flynn@usdoj.gov | Chad W. Dunn<br>Brazil & Dunn<br>4201 Cypress Creek<br>Suite 530<br>Houston, TX 77068<br>F: 281-580-6310<br>chad@brazilanddunn.com |
| Diana Flynn<br>U.S. Department of Justice<br>PO Box 14403<br>Ben Franklin Station<br>Washington, DC 20044<br>F: 202-514-8490<br>Diana.k.flynn@usdoj.gov | Gerard J. Sinzdak<br>Wilmer, Cutler, Pickering, Hale & Dorr LLP<br>1875 Pennsylvania Avenue NW<br>Washington, DC 20006<br>Gerard.sinzdak@wilmerhalte.com |

John Albert Smith, III
U.S. Attorney's Office
800 N. Shoreline Boulevard
Suite 500
Corpus Christi, Texas 78401
F: 361-888-3200
John.a.smith@usdoj.gov

Rolando Leo Rios, I,
115 E. Travis Street
Suite 1645
San Antonio, Texas 78295
F: 210-222-2898
rrios@rolandorioslaw.com