3/19/15

ATTN: Lyle W. Cayce, Chief Clerk
Honorable Carl E. Stewart
Chief Judge of the United
States Court of Appeals
5th Circuit
600 S. Maestri Place
New Orleans, LA 70130-3408

Mr. Cayce:

I need to make sure the complaint is documented and filed with court regarding case no. 14-40003. Veasey v. Perry. The compliant regarding misconduct of Gov. Rick Perry and Greg Abbott.

In accordance with Young v. United States ex rel Vuitton Et. Fils, SA 481 U.S. 787 which allows 5th Circuit judge to assign a special prosecutor to investigate criminal acts. We are requesting the judge to assign a special prosecutor to investigate the violation of election crime and other federal statues broken by Gov. Perry and Greg Abbott.

We request that you toward compliant letter to chief judge per court guidelines and that the judge not only review the letter but attached evidence verifying the need for a criminal investigation.

We also request once criminal investigation is completed that in accordance with FED. R. EVID. 404(b). The results of criminal investigation are included as evidence in case no. 14-40003 to impeach or provide common scheme or plan.

Please also make Chief Judge aware of this letter and our intent in requesting a special prosecutor is assigned to investigate alleged criminal acts.

This is our generations Watergate! Please review all enclosed evidence!

We want to make sure all letters and evidence are filed with the court.

Respectfully submitted,

U.S. COURT OF APPEALS
RECEIVED
MAR 30 2015
FIFTH CIRCUIT

# EXHIBIT C (02)

(Evidence that **Texas Attorney General Ken Paxton** is under **felony indictment** for **securities fraud** and proof of misconduct. Paxton is **unable to represent Texas** in the matter before this court)



# Paxton Violated Securities Law, Gets Reprimand

by Jay Root | May 2, 2014 | 20 Comments



The Travis County District Attorney has confirmed that any investigation into the criminal felony complaint filed against Republican candidate for attorney general Ken Paxton would take place after the November 4th General Election. It's a clear signal to voters that electing Paxton would subject the Texas AG's office to immediate post-election uncertainty, disruption and dysfunction.

"If elected Texas attorney general, Ken Paxton will enter office with a felony indictment hanging over his head. Paxton is not just damaged goods, he's doomed goods," said Lone Star Project Director Matt Angle.

According to the Houston Chronicle article, "if the district attorney launches criminal proceedings after November, it would mean Paxton could be facing a grand jury in his first few months as a statewide elected official."

Paxton has already admitted to committing a felony violation of state securities law. In addition to the criminal investigation, Paxton also faces a

Paxton has already admitted to committing a felony violation of state securities law. In addition to the criminal investigation, Paxton also faces a complaint before the State Bar that could result in his disbarment.

Paxton's strategy for avoiding publicity and scrutiny of his criminal behavior has been to avoid public events and refuse to speak with media. At an appearance earlier this summer, Paxton's campaign aide physically blocked a reporter from getting close enough to ask a question.

Paxton is being shunned by other Republican nominees who, like Greg Abbott, rarely mention him by name.

Paxton's Democratic opponent is highly regarded attorney Sam Houston, who has picked up the only major endorsement announced in the race to date. Houston's experience and background as a respected attorney contrasts sharply with Paxton's mounting legal problems and pending criminal investigation.



JOHN MORGAN
SECURITIES COMMISSIONER

RONAK V. PATEL
DEPUTY SECURITIES COMMISSIONER

Mail: P.O. BOX 13167
AUSTIN, TEXAS 78711-3167

Phone: (512) 305-8300
Facsimile: (512) 305-8310

Texas State Securities Board

208 E. 10th Street, 5th Floor
Austin, Texas 78701-2407
www.ssb.state.tx.us

BETH ANN BLACKWOOD
CHAIR

DERRICK MITCHELL
MEMBER

E. WALLY KINNEY
MEMBER

DAVID A. APPLEBY
MEMBER

ALAN WALDROP
MEMBER

| IN THE MATTER OF | § | |
|---|---|---|
| THE INVESTMENT ADVISER | § | Order No. IC14-CAF-03 |
| REPRESENTATIVE REGISTRATION | § | |
| OF KENNETH WARREN PAXTON, JR. | § | |

TO: Kenneth Warren Paxton, Jr. (CRD No. 4691201)
206 South Kentucky Street, Suite 201
McKinney, Texas 75069

## DISCIPLINARY ORDER

Be it remembered that Kenneth Warren Paxton, Jr. ("Respondent"), appeared before the Securities Commissioner of the State of Texas ("Securities Commissioner") and consented to the entry of this Order and the Findings of Fact and Conclusions of Law contained herein.

## FINDINGS OF FACT

1. Respondent has waived (a) Respondent's right to notice and hearing in this matter; (b) Respondent's right to appear and present evidence in this matter; (c) Respondent's right to appeal this Order; and (d) all other procedural rights granted to the Respondent by The Securities Act, Tex. Rev. Civ. Stat. Ann. arts. 581-1 to 581-43 (West 2010 & Supp. 2013)("Texas Securities Act"), and the Administrative Procedure Act, Tex. Gov't Code Ann. §§ 2001.001 to 2001.902 (West 2008 & Supp. 2013)("Administrative Procedure Act").

### Background

2. On December 18, 2013, Respondent registered with the Securities Commissioner as an investment adviser representative of Mowery Capital Management, LLC ("MCM"). This registration is currently effective.

3. MCM is located in Texas and is a registered investment adviser. From October 13, 2004 to November 6, 2008, MCM was registered with the Securities Commissioner as an investment adviser. In November 2008, MCM transitioned from state registration to federal registration. To that end, on November 6, 2008 MCM registered as an investment adviser with the U.S. Securities and Exchange Commission. On June 25, 2012, MCM transitioned back to state registration and is currently registered as an investment adviser with the Securities Commissioner.

### Referral of Clients for State-Registered Investment Adviser

4. Respondent occasionally solicited potential clients for MCM. Some of these solicitations occurred when MCM was a state-registered investment adviser and others when it was federally-registered.

5. Pursuant to an agreement with MCM, Respondent was compensated by MCM for each solicitation resulting in a client relationship with MCM. Specifically, MCM agreed to pay Respondent 30% of the asset management fees collected by MCM from each client that Respondent solicited successfully.

6. Respondent successfully solicited three (3) clients for MCM at times when MCM was a state-registered investment adviser but Respondent was not registered as an investment adviser representative of MCM. These solicitations occurred in 2004, 2005, and 2012.

7. Section 4.P of the Texas Securities Act defines an "investment adviser representative", in part, as "each person or company who, for compensation, is employed, appointed, or authorized by an investment adviser to solicit clients for the investment adviser."

8. Section 12.B of the Texas Securities Act, in part, prohibits a person from acting as an investment adviser representative for a certain investment adviser in Texas unless the person is registered as an investment adviser representative for that particular investment adviser.

9. The clients solicited by Respondent for MCM paid annual asset management fees ranging from 1% to 1.95% of assets under MCM's management. Such fees were collected by MCM on a quarterly basis. Thereafter, Respondent was paid a portion of the fees.

10. Respondent relied on MCM to disclose the compensation arrangement to potential clients that Respondent solicited for MCM.

### CONCLUSIONS OF LAW

1. At times between 2004 and 2012, Respondent was an "investment adviser representative" of MCM as the term "investment adviser representative" is defined by Section 4.P of the Texas Securities Act.

2. Respondent violated Section 12.B of the Texas Securities Act by acting as an investment adviser representative for MCM when MCM was registered as an investment adviser with the Securities Commissioner but Respondent was not registered as an investment adviser representative of MCM.

3. Pursuant to Section 14.A(6) of the Texas Securities Act, Respondent's violation of Section 12.B of the Texas Securities Act constitutes a basis for the issuance of an Order reprimanding Respondent.

4. Pursuant to Section 23-1.A(3) of the Texas Securities Act, Respondent's violation of Section 12.B of the Texas Securities Act constitutes a basis for the issuance of an Order assessing an administrative fine.

## UNDERTAKING

1. If Respondent, for compensation, solicits a potential client for any registered investment adviser, Respondent undertakes and agrees to provide a written disclosure document ("Disclosure Document") to each such client.

2. Respondent further undertakes and agrees that the Disclosure Document will include:

   a. The name of the investment adviser;
   b. The nature of the relationship, including any affiliation, between Respondent and the investment adviser;
   c. A statement that Respondent will be compensated for his solicitation services by the investment adviser; and
   d. The terms of such compensation arrangement, including a description of the compensation paid or to be paid to Respondent.

3. Respondent further undertakes and agrees that Respondent will provide the Disclosure Document to any potential client before such person becomes a client of the investment adviser.

## ORDER

1. It is therefore ORDERED that Kenneth Warren Paxton, Jr. is hereby REPRIMANDED.

2. It is further ORDERED that Kenneth Warren Paxton, Jr. is hereby ASSESSED AN ADMINISTRATIVE FINE in the amount of One Thousand Dollars ($1,000.00). Payment shall be made by delivery of a cashier's check to the Securities Commissioner in the amount of One Thousand Dollars ($1,000.00), payable to the State of Texas, contemporaneously with the delivery of this Order.

3. It is further ORDERED that Kenneth Warren Paxton, Jr. comply with the terms of the Undertaking with the Securities Commissioner enclosed herein.

SIGNED AND ENTERED BY THE SECURITIES COMMISSIONER this __2nd__ day of __May__, 2014.

JOHN MORGAN
Securities Commissioner

**Requirement to Maintain a Current License to Practice Law.** Attorneys must maintain their license to practice issued by competent state or federal licensing entities in order to continue to practice in this court. Thus, if an attorney allows his or her license to practice law to lapse, the attorney may no longer appear in this court.

**Standards of Conduct.** All members of the bar must comply with the state standards of professional conduct and ethical behavior in the states in which they are admitted to practice. The court imposes disciplinary sanctions for deviations from these standards.

**Basis for Disciplinary Action.** The court usually takes disciplinary action when:

1) notified that another court has suspended or disbarred an attorney, or

2) an attorney's conduct in this court falls below that required of a member of the bar.

Possible sanctions include reprimand, monetary penalties, forfeiture of payments to appointed counsel, prohibition from receiving Criminal Justice Act (CJA) appointments, suspension from practicing in the court, and removal from the roll of attorneys permitted to practice before this court.

We refer all disciplinary matters initially to the chief judge. When another court has taken disciplinary action against an attorney, the court orders the attorney to show cause why this court should not impose the same punishment. Another court's decision to impose sanctions is prima facie evidence that the behavior occurred, and relitigation of the alleged acts is not permitted. The only issue is whether the proceedings in the other court comported with due process.

When the court learns an attorney has failed to meet the standards expected of a member of this court's bar, the chief judge may order the attorney to show cause why disciplinary action should not be taken. The order sets out the circumstances giving rise to the court's concern, and specifies the sanctions that can be imposed.

**Evidentiary Hearings.** Hearings are granted only upon specific written request. The chief judge decides the composition of the hearing, and may